## UNITED STATES v. VULCAN MATCH CO., INC.

**No. 5618.**—Invoices dated Oslo, Norway, May 16, 1929, etc.
Entered at New York, N. Y., May 28, 1929, etc.
Entry No. 943973, etc.

### First Division, Appellate Term

(Decided April 29, 1942)

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Lamb & Lerch* (*John G. Lerch* and *David A. Golden* of counsel) for the appellee.

Before OLIVER and WALKER, Judges

OLIVER, Presiding Judge: This is an application for review of the decision of the trial court, sitting in reappraisement, in the matter of *Vulcan Match Co., Inc.* v. *United States*, Reap. Dec. 5388. All of the appeals listed in schedule A, hereto attached and made a part hereof, were consolidated and tried as one case. The merchandise in question consists of certain strike-on-box matches imported from Norway and Holland during the years 1929, 1930, and 1931, and entered at the port of New York.

The Customs Administrative Act of 1938, published in T. D. 49646, amended section 499 of the Tariff Act of 1930. Under that section as amended the plaintiff in a reappraisement proceeding claiming insufficient designation and examination of imported merchandise has the additional burden of showing—

that merchandise in the packages or quantities not designated for examination, or not actually examined, was different from that actually examined and that the difference was such as to establish the incorrectness of the appraiser's return of value; and then only as to the merchandise for which the value returned by the appraiser is shown to be incorrect.

The matches covered by the shipments in question having been imported prior to the enactment of the Customs Administrative Act of 1938, the requirements of that act are not applicable here.

Two issues are presented herein: First, whether or not there was compliance with the provisions of section 499 of the Tariff Acts of 1922 and 1930 relating to the designation and examination of packages of imported merchandise for the purposes of appraisement; and second, whether the present merchandise is such as is, by commercial usage, bought and sold by sample. The lower court decided both of these questions in the negative and accordingly held the appraisements to be null and void *ab initio*. From that decision, the Government has appealed.

The language of section 499 of the Tariff Acts of 1922 and 1930 is identical, and so far as pertinent reads as follows:

\* \* \* The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. The collector or the appraiser may require such additional packages or quantities as either of them may deem necessary.

Many decisions have been rendered both by this court and the Court of Customs and Patent Appeals involving the question of proper designation and examination of packages of imported merchandise for the purposes of appraisement, as provided for in section 499, *supra*, and it is now well settled that the provisions of that section are mandatory and must be strictly complied with. *United States* v. *Steffan*, 18 C. C. P. A. 455, T. D. 44702; *United States* v. *Davis*, 20 id. 305, T. D. 46087; *United States* v. *Gilson*, id. 117, T. D. 45753; *Tower* v. *United States*, 21 id. 417, T. D. 46943. Under the cited authorities, it is essential to a valid appraisement (1) that the collector designate for examination 1 package of every 10 packages of imported merchandise unless the Secretary of the Treasury by special regulation permits a less number to be examined; and (2) that not less than 1 package of every 10 packages shall be opened and examined for the purposes of appraisement, unless the Secretary of the Treasury is of the opinion that examination of a less quantity will protect the revenue and shall, by special regulation, permit a less number to be examined. No such special regulation was issued so far as the merchandise at bar is concerned and it was therefore the duty of the customs officials to strictly adhere to the provisions of section 499, *supra*.

From an examination of the official papers relating to each of the appeals under consideration, it appears that the designation made by the collector in each case consisted of a notation on Customs Form 6417, under the heading "For examination" of the letters "Whf" or "Wf," which, it is admitted, was an abbreviation for the word "Wharf." In other words, the designation of the collector was merely one of place, to wit, at the wharf.

It is established of record herein that such designation of this class of merchandise, matches, was consistent with a long-continued practice that was followed pursuant to the provisions of article 688 of the Customs Regulations of 1923, which states:

Art. 688.—Examination of explosives.—Matches and other inflammable, explosive, and dangerous articles will be examined at the importers' stores or other suitable places, and not at the appraiser's stores.

Appellant contends that this reference to the wharf is tantamount to a specific designation by the collector that all of the merchandise be examined at the wharf, and in support of that contention cites the case of *United States* v. *Geo. W. Beermaker*, 23 C. C. P. A. 48, T. D. 47714. That case, however, is clearly distinguishable, in our judgment, from the present case. There, it was established as a matter of fact that *all* of the merchandise had been designated for examination by the collector, and the court held that an examination of 10 per centum was sufficient for compliance with the statute. In the instant case, there was no designation of a quantity to be examined.

An examination of the invoices before us discloses that each of the importations involved herein consisted of a number of different brands of these matches. In some cases, the invoice merely states the total number of cases of each label or brand in the shipment; in others, the cases included in the shipment bore identifying numbers. Certainly, with respect to the latter the collector could have indicated the specific numbers of those cases to be examined, and under the mandatory provisions of section 499, *supra*, it was his duty to do so. As to those shipments of which the cases were not numbered, a proper designation, in our judgment, would have been one specifically directing examination of a number of each of the brands or labels, at least in an amount provided by the statute, to wit, 10 per centum. In other words, the designation required under section 499, *supra*, must be definite and specific. Where identifying symbols or numbers have been used, the particular packages to be examined should be indicated; where only the total number of packages in a shipment are given, an amount equal to what the law requires must be stated. The law imposes on the collector the duty of designating the packages for examination and unless his designation is definite and specific and clearly shows what packages he has ordered for examination, the effect is to shift the burden of designation to the appraiser or some other Governmental

officer, which is clearly contrary to law. *Geo. Wm. Rueff, Inc.* v. *United States*, Reap. Dec. 5560. It is our opinion that there was no designation of any number of packages in the present case; and that what the collector did herein was merely to name the place for examination in accordance with the provisions of article 688 of the Customs Regulations of 1923, *supra*. We therefore hold that the provisions of section 499, *supra*, governing the designation of packages for appraisement purposes were not complied with in the instant case.

There was also no proper examination of packages within the purview of said section 499. At the trial before the court below, the Government introduced the testimony of customs officials to show the practice followed in examining imported matches at the wharf. None of that testimony, however, related to the particular importations under consideration, but was general in character and referred to a long-continued practice. But long-continued practice can neither legalize an unlawful practice nor alter or abridge mandatory provisions of a statute. *United States* v. *John A. Conkey Co.*, Reap. Dec. 5235, and cases therein cited.

The gist of the testimony before us relating to the practice of examination of packages of imported matches at the wharf is that customs inspectors select and retain 10 per centum of a shipment on the wharf from which samples of each brand or label are withdrawn and submitted to the examiner or appraiser for his action. In addition to the fact that such testimony has not been connected with the importations at bar, the evidence also reveals selection of the packages to be examined by an officer not authorized by law to perform such function.

Counsel for appellant has argued at considerable length that these matches are articles which, by commercial usage, are bought and sold by sample, contending that appraisement thereof is controlled by article 692 of the Customs Regulations of 1923, which provides as follows:

The appraiser may make appraisement on samples of such merchandise as is, by commercial usage, bought and sold by sample.

The samples shall be selected by a customs sampler, or other authorized customs officer, from the packages designated by the collector for examination and shall be properly marked to insure identification.

While the court below found the merchandise at bar was not such as is, by commercial usage, bought and sold by sample, and therefore the provisions of article 692, *supra*, did not apply, we do not feel we are bound to pass on that question in view of our conclusion that the designation and examination under section 499, *supra*, were defective.

It will be observed that even if appellant's contention was correct and that these matches were "such merchandise as is, by commercial usage bought and sold by sample," article 692 provides that such

samples so selected must be withdrawn "from the packages designated by the collector for examination." Thus the examination provided thereby is correlated with that fixed under the provisions of section 499 in that the packages designated by the collector under that section form the basis for the selection of samples under article 692. Having determined that there was no designation by the collector of the packages to be examined under section 499 it is unnecessary to consider whether article 692 applies to the instant merchandise, and therefore we shall not discuss the question whether these matches are such merchandise as is by commercial usage, bought and sold by sample.

For the reasons hereinabove set forth, we find that the mandatory provisions of section 499, *supra*, relating to the designation and examination of packages of imported merchandise for the purposes of appraisement were not complied with, and accordingly hold the appraisement in each of the appeals in question to be null and void *ab initio*.

The judgment of the court below is therefore affirmed. Judgment will be rendered accordingly.